T.C. Summary Opinion 2001-9


UNITED STATES TAX COURT


JOHN R. HERNANDEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18151-98S.                    Filed February 6, 2001.


John R. Hernandez, pro se.

<u>Ross Greenberg</u>, for respondent.


WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1994 Federal income tax of $4,706 and an accuracy-related penalty under section 6662(a) of $941. The issues for decision are: (1) Whether interest income realized upon the redemption of tax certificates is attributable to petitioner, and (2) whether petitioner is liable for an accuracy-related penalty under section 6662(a).[1]

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Saint Leo, Florida, when the petition in this case was filed.

Petitioner has been in this Court before in a case involving substantially the same facts as those presented here, Hernandez v. Commissioner, T.C. Memo. 1998-46 (Hernandez I). In Hernandez I, we held that interest paid on the redemption of tax certificates sold by Pasco County, Florida, for delinquent taxes owed on real property is not excluded from gross income under section 103 because the tax certificates are not obligations of a

---

[1]    In the notice of deficiency, respondent determined that petitioner was not entitled to the itemized deductions he claimed on his 1994 Federal income tax return. In lieu of the itemized deductions, respondent allowed petitioner a standard deduction. This adjustment is a computational adjustment that is dependent upon our determination whether petitioner failed to report taxable interest income.

State or political subdivision. See id. In Hernandez I, because of petitioner's failure to present evidence in support of his claims, we also rejected his argument that amounts there in issue were income to his grandson or his brother Vincent, or his brother's wife Mildred, among others, rather than to him. Subsequently, petitioner made a motion requesting that we reconsider our holding in Hernandez I with respect to that portion of interest paid on redemption of tax certificates that was attributable to special assessments. In Hernandez v. Commissioner, T.C. Memo. 1998-329 (Hernandez II), we declined to alter the result we reached in Hernandez I.

Petitioner is a certified public accountant. For several years, petitioner purchased at public auctions tax certificates sold by Pasco County, Florida, pursuant to Fla. Stat. Ann. sec. 197.432 (West 1989 & Supp. 1997). Pasco County and other counties in Florida sell the certificates for amounts equal to delinquent property taxes, interest accrued thereon, and other costs and charges owed by property owners to the county. See Hernandez I. The certificates provide a means for Florida counties to fund current government expenditures by transferring the indebtedness incurred by property owners for their property tax delinquencies to the purchasers of the tax certificates. See id. The certificates also provide a mechanism for eventual collection of the delinquent taxes out of the property against

which the assessment is made, either through redemption of the certificates or eventual sale of the property.  See id.

At the public auctions, potential purchasers bid to purchase tax certificates in terms of the rate of interest payable on the face amount up to a statutory maximum of 18 percent.  The tax certificates were sold to the party bidding the lowest rate.  The tax certificates have a term of 7 years and cannot be collected after the expiration of that term.

When a tax certificate was redeemed, the Pasco County tax collector (tax collector) paid an amount that included both the principal and interest accrued at the rate bid for the purchase of the certificate.  For the years in issue, the tax collector issued Forms 1099 showing the amount of interest paid on the redeemed certificates and the names of the payees.

Petitioner and Oneta Hernandez (Mrs. Hernandez) filed a joint Federal income tax return for 1994.  Mrs. Hernandez died prior to respondent's issuance of the statutory notice of deficiency.  For 1994, the tax collector issued Forms 1099 listing either petitioner or Mrs. Hernandez as a payee.  Many of the Forms 1099 also listed a copayee.  In many of these instances, the Forms 1099 listed the copayee's Social Security number rather than petitioner's or Mrs. Hernandez's Social Security numbers.

On the 1994 joint Federal income tax return that he and his late wife filed, petitioner reported taxable interest income of $6,085 and tax-exempt interest income of $28,635.[2]  Respondent determined that the interest income petitioner received from the redemption of tax certificates was not tax exempt.  Respondent further determined that petitioner failed to report interest income of $7,482.  This amount represents interest reported on Forms 1099, which listed copayees' Social Security numbers.  Respondent also determined that petitioner failed to report interest income from First Union National Bank of $99 and interest income from Bankers Trust of $6.  Accordingly, respondent determined that petitioner failed to report taxable interest income of $36,221.

In the present case, petitioner concedes $28,739 of the $36,221 interest income adjustment contained in the notice of deficiency.  The interest income from First Union National Bank and Bankers Trust is not disputed by petitioner.  Petitioner also does not argue that the interest income reported on the Forms 1099 issued by the tax collector is tax exempt.  Instead, petitioner contends that the interest income represented by Forms 1099 listing copayees' Social Security numbers should not be

---

[2]    In the deficiency notice respondent determined that the amount should have been $28,634, apparently because of an arithmetic error.

attributed to him because he received the interest income as a nominee. To prevail, petitioner must carry the burden of proving that such income is not attributable to him or to Mrs. Hernandez. See Rule 142(a). As in Hernandez I, petitioner has failed to present such proof.

There is no nominee agreement or other written documentation that petitioner held the income in question as nominee or agent for others. The money that petitioner received from the redemption of tax certificates was deposited in petitioner's bank accounts.[3] Petitioner has failed to provide any credible evidence that demonstrates that such money was transferred to any of the copayees. Petitioner has also failed to provide any evidence that the copayees reported such interest income on their Federal income tax returns. None of the copayees testified at trial. Moreover, petitioner conceded that the interest income reported on at least one Form 1099, which stated a copayee's Social Security number, belonged to him. Petitioner also testified that he purchased tax certificates intending to give the interest income to his grandchildren.

---

[3] Since petitioner mentioned at trial that he had books and records that he had failed to bring with him or to show respondent previously, we held the record open and permitted the parties to stipulate the contents of those records. The stipulation shows that petitioner probably intended to transfer sums to various relatives. But those persons did not testify in this case, and we do not have proof that they supplied any of the funds that petitioner invested, that they actually received interest income from these investments, or that they reported on their tax returns any income from petitioner's investments.

In Hernandez I, this Court's comments about similar circumstances were as follows:

> With respect to amounts of interest received from the redemption of certificates held in his or Mrs. Hernandez' name and those of Vincent or Mildred Hernandez, respectively, petitioner produced no evidence that such amounts were not his income other than a document signed in 1984 by Vincent and Mildred Hernandez purporting to give petitioner a power of attorney. Neither Vincent nor Mildred Hernandez testified at trial. With respect to the remaining persons whose names appeared on the tax certificates as alternate payees, petitioner produced no evidence at all.

> Unlike the taxpayer in the "Mexican Lottery Case", Diaz v. Commissioner, 58 T.C. 560, 565 (1972), whose grandmother, "face-to-face with her priest in the courtroom", corroborated every word of his testimony that the lottery tickets in question belonged to his uncle, petitioner failed to bring a single witness, neither brother, daughter, nor friend, to the courtroom to corroborate his story that he was holding these funds for them. In failing to do so, petitioner did not carry his burden of proving that these funds belonged to other taxpayers. * * *

Here the record does not include any purported power of attorney. Instead, petitioner presented a letter from Vincent Hernandez, his brother, claiming that the certificates purchased in Vincent's name after 1985 were purchased for him. As in Hernandez I, Vincent Hernandez did not appear to testify about the letter, and there is no evidence that any of the income in issue was reported on a tax return by Vincent Hernandez or any of the other copayees.

There is no question that the income here in issue is interest income and therefore is includable in gross income under

section 61(a)(4). Also, it has long been established that income includes "undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955).

As in Hernandez I, petitioner has failed to bring a single witness to the courtroom to corroborate his story. Moreover, petitioner has failed to demonstrate that the amounts received from the redemption of the tax certificates were paid to the copayees. Petitioner has also failed to introduce any evidence that shows that the copayees included any of these amounts on their Federal income tax returns. Furthermore, petitioner deposited these amounts in his own bank account. Based upon these facts, we conclude that petitioner exercised dominion and control over the interest income he received from the redemption of the tax certificates.

For the foregoing reasons, and following our recent opinion in Hernandez I involving the same taxpayer and closely similar circumstances, we sustain in its entirety respondent's adjustment to petitioner's income for 1994.

Section 6662(a) imposes a penalty of 20 percent of the portion of the underpayment that is attributable to negligence or disregard of rules or regulations. See sec. 6662(b)(1). Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the

circumstances. See Neely v. Commissioner, 85 T.C. 934, 947 (1985). The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). A disregard of rules or regulations is "careless" if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation. Sec. 1.6662-3(b)(2), Income Tax Regs. A taxpayer is not liable for the penalty if he shows that there was reasonable cause for the underpayment and that he acted in good faith. See sec. 6664(c).

From the record before us here, we find that petitioner was negligent with respect to whether petitioner was entitled to exclude tax certificate interest under section 103. Petitioner is a certified public accountant. In spite of his experience and knowledge, petitioner took a position on his 1994 Federal income tax return that was contrary to case law. Long before petitioner filed his Federal income tax return for 1994, this Court had issued an opinion directly on point, Barrow v. Commissioner, T.C. Memo. 1983-123. In Barrow v. Commissioner, supra, we decided that interest income from tax certificates identical to the tax certificates purchased by petitioner was not tax exempt.

With regard to petitioner's failure to report tax certificate interest income, which he contends is allocable to other individuals, we find that petitioner did not produce credible evidence that such interest income was attributable to

other taxpayers.  Instead, petitioner completely failed to demonstrate that the copayees reported the interest income on their Federal income tax returns.  Furthermore, the evidence in the record leaves no doubt that petitioner exercised dominion and control over such interest income when he deposited the amounts received from the redemption of the tax certificates into his own bank account.  Items over which a taxpayer has dominion and control are attributable to him and must therefore be included in income.  See Hernandez I.  The petition in this case was filed on November 16, 1998, <u>after</u> the opinions in Hernandez I and Hernandez II had been issued.  Because of his professional training and business experience, petitioner either knew or should have known that the income in dispute was includable in gross income and plainly should not simply have been omitted from petitioner's tax return.

Accordingly, we hold that petitioner is liable for an accuracy-related penalty pursuant to section 6662(a) as determined by respondent.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.